IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Lake Effect Investment Corp., | ) | CASE NO.: 1:06 CV 1527 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| Pamela Bluso nka Barnes, | ) | |
| | ) | |
| Defendant. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| | ) | |

This matter is before the Court on Defendant, Pamela Bluso Barnes' Motion for Reconsideration of Request to Stay or Dismiss Proceeding. (ECF #21). After careful consideration of the briefs and relevant law, and a review of the filings and proceedings in the corresponding state action, this Court finds that Defendant's Motion should be GRANTED.

## **BACKGROUND**[1]

In November of 2004, Defendant in this case, Pamela Bluso Barnes, filed a Complaint against Plaintiff in this case, Lake Effect Investment Corp. ("Lake Effect"), seeking relief pursuant to Ohio Revised Code § 1701.37. As a shareholder, Ms. Bluso Barnes alleged that she was entitled to books, records of account and other shareholders records relating to Lake Effect's tax returns, leases, construction of new property, assets, and valuation of shares. (Bluso v. Lake Effect Investment Corp., No. CV 04 548839 (Cuyahoga Cty. Ct. Common Pleas, filed Nov. 30, 2004). This suit was voluntarily dismissed on March 18, 2005, purportedly after Lake Effect agreed to make its corporate records available to Ms. Bluso Barnes. (ECF #9).

Ms. Bluso Barnes later brought a cause of action in the Cuyahoga County Court of Common Pleas against Lake Effect and several other entities, including her brother Michael Bluso (the controlling shareholder of Lake Effect). ( Bluso v. Bluso, CV 05554824 (Cuyahoga Cty. Ct. Common Pleas, filed Feb. 15, 2005)). That action alleged, among other things, fraud and conversion relating to her ownership interest in Lake Effect stock and her ownership interest in certain real estate situated in Geauga County. This action was voluntarily dismissed on June 15, 2006, and re-filed the following day in the Geauga County Court of Common Pleas. ( Bluso v. Bluso, 06 P 608 (Geauga Cty. Ct. Common Pleas, filed Feb. 15, 2005)).

On June 26, 2006, before responding to the Complaint in Geauga County, Lake Effect filed this action seeking monetary relief and declaratory judgment against Ms. Bluso Barnes. Both the monetary relief and the requests for declaratory judgment were aimed at determining

---

[1] The facts set forth in this section are taken from the Plaintiff's Complaint and are accepted as true for purposes of this opinion only. They should not be construed as findings of this Court.

the true ownership of stock and real estate interests which are the subject of the Geauga County action brought by Ms. Bluso Barnes' against Lake Effect and others.

In July of 2006, Lake Effect filed a Motion to Dismiss or In the Alternative Summary Judgment in Geauga County, which was denied.  Lake Effect then filed an Answer, Counterclaim, and Third-Party Complaint in that action, on December 15, 2006.  The Answer and Counterclaim filed in the Geauga County action acknowledges that this action and the Geauga County action are duplicative.  (Geauga Cty. Answer ¶ 59).  Further, Lake Effect incorporated all claims made in this action into Count III of its Counterclaim in the Geauga County Action. (Geauga Cty. Counterclaim ¶ 25).

## **LEGAL STANDARD**

District Courts glean their power to adjudicate declaratory judgment actions from the Declaratory Judgment Act, 28 U.S.C. § 2201(a). The Declaratory Judgment Act is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995).  When the issues to be decided are state law issues, and there are pending state-court proceedings raising those same issues, "a district court might be indulging in 'gratuitous interference' if it permitted the federal declaratory action to proceed." Id. At 283 (quoting Brillhart v. Excess Ins. Co. Of Am., 316 U.S. 491, 495 (1942)(alteration in the original)(citations omitted).

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.  Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

Brillhart v. Excess Ins. Co., 316 U.S. 491, 494 (1942).

This action is an action for Declaratory Judgment.  Three of the four Counts raised in the Complaint specifically request declaratory judgment, and the remaining claim, seeking monetary relief under an equitable theory of unjust enrichment, is entirely dependent upon the Court's declaration of the parties relative rights under the other three Counts.  There is no legal claim raised in the Complaint, and the request for monetary relief need not have been specifically included in the Complaint as it would have been presumed under the "further necessary or proper relief" language included in 28 U.S.C. § 2202.

The request for monetary relief in Count One falls under the scope of relief provided in the Declaratory Judgment Act, and is, therefore, subject to the same discretionary standard as the request for declaratory judgment sought in Counts Two through Four.  See, Royal Indemnity Co. v. Apex Oil Co., Inc., 2006 U.S. Dist. LEXIS 59665 (E.D. Mo. Aug. 23, 2006); Maritz v. Starek, 2006 U.S. Dist. LEXIS 36922 (E.D. Mo. Apr. 18, 2006); see also, Beacon Constr. Co. v. Matco Electric Co., 521 F.2d 392, 400 (2d Cir. 1975)("It is well settled that 'further relief' may include an award for damages."); Security Ins. Co. Of New Haven v. White, 236 F.2d 215, 220 (10th Cir. 1956); ITT Industries, Inc. V. Pacific Employers Ins. Co., 427 F.Supp. 2d 552, 556 (E.D. Pa. 2006)(courts should look to the heart of the matter to determine whether the discretionary standard under the Declaratory Judgment Act applies to the exercise of jurisdiction); Coltec Industries Inc. V. Continental Ins. Co., 2005 U.S. Dist. LEXIS 8837 (E.D. Pa. 2005)(if monetary or other claims hinge on the outcome of declaratory ones, the Wilton discretionary standard applies).  To hold otherwise would give litigants the power to supercede the discretionary power given to the Courts by Congress in such cases by merely adding a monetary request for relief to any request for declaratory judgment.

> If peripheral monetary claims could deprive district courts of the discretion granted the by the Declaratory Judgment Act to hear or not to hear what are fundamentally declaratory judgment actions, then such claim would render federal courts virtually powerless (save for the rare case in which Colorado River abstention is warranted) to avert wasteful, duplicative declaratory litigation on exclusively state law issues in federal court running alongside parallel state litigation on the same issues, with concomitant disruption to the time-honored values of federalism, comity and efficiency.

Lexington Ins. Co. v. Rolison, 434 F. Supp. 2d 1228, 1237 (S.D. Ala. 2006)

Further, even if Count One were not entirely dependent upon the Court's ruling under the declaratory Counts, the United State Supreme Court has held that under certain circumstances, a federal court has the discretion to abstain from exercising jurisdiction over equitable actions. Quackenbush v. Allstate Insurance Company, 517 U.S. 706, 717 (1996).  This authority to abstain "extends to all cases in which the court has discretion to grant or deny relief." Id. At 718.

Where the relief sought is "equitable in nature or otherwise discretionary, federal courts not only have the power to stay the action based on abstention principles, but can also, in otherwise appropriate circumstances, decline to exercise jurisdiction altogether by either dismissing the suit or remanding it to state court." Id. At 721.

Count One of the instant Complaint raises an equitable claim for unjust enrichment.  The remaining Counts, Two through Four, all request equitable relief in the form of declaratory judgments.  Thus, the entire action is equitable in nature, and under Quackenbush, may, under the proper circumstances, be subject to abstention at the Court's discretion.

## **ANALYSIS**

Having determined that the entire action is essentially an action for declaratory judgment, this Court will apply the Sixth Circuit's five factor test for determining whether or not to abstain from the exercise of jurisdiction in declaratory judgment action.  Those five factors are:

> (1) whether the judgment would settle the controversy; (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata"; (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective.

Asmouth Bank v. Dale, 386 F.3d 763 (6th Cir. 2004)(citing Scottsdale Ins. Co. v. Roumph, 211 F.3d 964, 968 (6th Cir. 2000)).

The first factor, "whether the judgment would settle the controversy," weighs in favor of dismissal.  Even if this Court were to exercise jurisdiction over the declaratory action, the controversy between the parties would not be settled.  The state court action includes additional parties and claims that are intertwined with the issues before this court in the declaratory action. For example, even if this Court were to determine what percentage of shares Ms. Bluso Barnes is entitled to, this action cannot resolve how much each of those shares are worth, what she should have been paid for them, whether she is entitled to damages for fraud associated with the transfer of those shares, whether Lake Effect or some other individual is responsible for the alleged fraud (and admitted forgery), and whether Lake Effect is truly entitled to reimbursement (considering potential off-sets for Ms. Bluso Barnes' damages) after the purported reversal of the stock redemption.

The second factor also weighs in favor of dismissal. The only "useful" purpose this declaratory action could serve is to decide the affirmative defenses to the state action claims. This is not a situation where the plaintiff in this action will suffer injury unless legal relations are clarified, and Lake Effect is not acting at risk of its own peril pending a decision on these issues. These same issues were raised in the state court action prior to this declaratory action being filed, and it appears unlikely that this suit would have been filed if the state action had not been filed first. Lake Effect has pointed to no special harm that would befall it by waiting for these issues to be addressed in the previously filed state action.

The fact that these issues were raised first in state court, and that the claims in this action are essentially nothing more than affirmative defenses to the state action (and arguably one equitable counterclaim), leads the Court to believe that the declaratory action is being used for the purpose of procedural fencing or to provide an arena for a race for res judicata. Lake Effect could not legally remove the state court action to federal court, so it filed a declaratory judgment action asserting its defenses to the state court action instead. Though technically legal, this is an inappropriate use of a declaratory judgment action. This factor also weighs in favor of dismissal.

The fourth factor, "whether allowing the action would cause friction between state and federal courts" also tends to weigh in favor of dismissal. All of the issues raised in this action are state law claims, and all relate to issues raised first in state court. Although it is difficult to say whether the state court would register any actual friction, it is clear that a declaratory judgment in this action would eliminate the state court's ability to review and decide all of the facts in the case before it, as it would be bound to abide by this court's decision on several key issues.

Finally, the fifth factor most clearly weighs in favor of dismissal. The state court action presents a better remedy because a legal action (versus an equitable action or declaratory judgment action) "is an inherently more effective litigation vehicle." Amsouth Bank v. Dale, 386 F.3d 763, 791 (6th Cir. 2004). In addition, the state court action involves other involved parties and other overlapping issues and therefore, would lead to a more cohesive and complete review of all of the relevant issues and facts necessary to resolving the full dispute between the parties. All five factors, therefore, weigh in favor of declining jurisdiction over the declaratory action.

## **CONCLUSION**

For the reasons set forth above Defendants' Motion for Reconsideration of Request to Stay or Dismiss Proceeding (ECF #21) is GRANTED. The Court shall not exercise jurisdiction over this declaratory action. The case is hereby dismissed. IT IS SO ORDERED.

    s/Donald C. Nugent  
DONALD C. NUGENT  
United States District Judge

DATED:  April 24, 2007